UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

           MEMORANDUM OPINION
           AND ORDER
           Criminal No. 01-331 ADM/AJB

George Anthony Gutierrez,

           Defendant.

_____

James E. Lackner, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Petitioner.

George Anthony Gutierrez, Pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant George Anthony Gutierrez's ("Gutierrez") pro se Motion to Show Cause [Docket No. 123][1] ("Motion"). For the reasons set forth herein, Gutierrez's Motion is denied.

---

[1]In addition to the instant motion filed on May 31, 2012, Gutierrez filed two additional pro se motions on June 18, 2012. One motion is to Disqualify Judge ("Motion to Disqualify") [Docket No. 128], and the other is to Dismiss and or [sic] Receive Relief from Judgment and Conviction Based on Prosecutorial Misconduct and Malicious Prosecution by Assistant United States Attorney Anthony Wayne Brown Under Newly Discovered Evidence Pursuant to Rule 60(B)(6) ("Motion to Dismiss for Prosecutorial Misconduct") [Docket No. 129].
    The Motion to Disqualify was referred to the undersigned District Court Judge from Chief District Court Judge Michael J. Davis. Gutierrez alleges judicial bias on behalf of the undersigned Judge arising from her previous position as an Assistant United States Attorney almost twenty years before this matter commenced. The Motion to Disqualify is without any merit and does not warrant further analysis, and therefore is denied.
    The Motion to Dismiss for Prosecutorial Misconduct accuses Assistant United States Attorney ("AUSA") Anthony Brown of conspiring with two other Texas attorneys, one of whom allegedly had a personal vendetta against Gutierrez, to obtain an indictment and ultimately prosecute Gutierrez in Minnesota. With no evidence, Gutierrez baldly states that because AUSA Brown had worked in both Texas and Minnesota, and because AUSA Brown knew his defense

## II.  BACKGROUND

On March 21, 2002, Defendant George Anthony Gutierrez was found guilty of Possession with Intent to Distribute More than 500 Grams of Methamphetamine, Possession with Intent to Distribute More than 500 Grams of Cocaine, and Use of a Firearm During a Drug Trafficking Offense.  Verdict [Docket No. 53].  Gutierrez was sentenced to 300 months imprisonment and ten years supervised release.  Sentencing J. [Docket No. 83] at 1–3.  On December 18, 2003, the United States Court of Appeals for the Eighth Circuit upheld Gutierrez's conviction and the United States Supreme Court denied a writ of certiorari on October 4, 2004.  United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003), cert. denied, 125 S. Ct. 36 (2004).

Since judgment was entered, Gutierrez has filed multiple pro se motions challenging his conviction, beginning with a Motion to Vacate Under 28 U.S.C. § 2255 [Docket No. 99] filed on April 29, 2005.  The Motion to Vacate contained twenty-six reasons why Gutierrez was denied a fair trial.  Id.  On June 23, 2005, all twenty-six grounds for relief contained in the Motion to Vacate were denied.  June 23, 2005 Order [Docket No. 107].

Next, on November 15, 2010, Gutierrez filed a Motion to Dismiss Conviction and Judgment Based on Fraud Upon the Court [Docket No. 119].  Gutierrez alleged deficiencies with how federal prosecutors obtained the search warrant for his home, which ultimately led to his conviction.  This motion was denied on November 30, 2010.  November 30, 2012 Order [Docket No. 121].  Gutierrez has continued a stream of correspondence to several judges in the District of Minnesota about his complaints with his federal prosecution, conviction, and incarceration.

---

counsel, AUSA Brown conspired against him and secured his wrongful conviction.  Such allegations are wholly unsupported and warrant no further discussion here.  Therefore, the Motion to Dismiss for Prosecutorial Misconduct is also summarily denied.

Gutierrez filed the instant motion on May 31, 2012.

## III. DISCUSSION

Gutierrez argues the prosecutor in his original conviction, AUSA Anthony Wayne Brown, was not entitled to practice law in Minnesota and, therefore, was ineligible to prosecute Gutierrez. Mot. at 2. In support of his argument, Gutierrez asserts AUSA Brown was not admitted to the bar in the District of Minnesota and was not admitted *pro hac vice* for his matter. Id. Furthermore, Gutierrez attached a letter from the Minnesota Lawyers Professional Responsibility Board, which directed further investigation into the status of AUSA Brown during the time Gutierrez was prosecuted. Id. at Ex. B.

Gutierrez is correct in that AUSA Brown was not admitted to bar in the District of Minnesota and was not admitted *pro hac vice* while prosecuting Gutierrez. However, Local Rule 83.5(e), which was in effect at the time Gutierrez was prosecuted, nullifies Gutierrez's argument. The rule read:

> **(e) Government Attorneys.** Attorneys admitted to practice in a United States District Court, but not qualified under this rule to practice in the District of Minnesota, may, nevertheless, if they are representing the United States of America or another officer or agency thereof, practice before this Court in any action or proceeding in this Court in which the United States or any officer or agency thereof is a party.

D. Minn. LR 83.5(e) (2000). The rule says, in effect, if the government attorney is licensed to practice in any United States District Court, then they are permitted to represent the United States in the District of Minnesota. It was not until 2011 that this rule was amended to require government attorneys not licensed to practice in the District of Minnesota to obtain *pro hac vice* status before appearing on behalf of the Government. See D. Minn LR 83.5(e) (2011).

It is undisputed that AUSA Brown was admitted to practice in the United States District

3

Court for the Western District of Texas on May 27, 1994, and that AUSA Brown was admitted in the District of Minnesota as a government attorney on September 19, 1997. Government's Resp. to Def.'s Mot. to Show Cause [Docket No. 130] Exs. B at ¶ 3 & D. Since the local rule in effect at the time of Gutierrez's prosecution only required the attorney representing the United States to be admitted in some United States Federal District Court, AUSA Brown complied with the rule and was entitled to represent the United States against Gutierrez in the District of Minnesota. The Minnesota Lawyers Professional Responsibility Board ("Board") arrived at the same conclusion regarding the eligibility of AUSA Brown. Id. at Ex. E at 2. It explained further investigation was initially authorized because the Board looked at the current reading of Local Rule 83.5(e) and not the version that controlled during Gutierrez's prosecution. Id. After consulting the language in the former controlling version, the Board determined the activity of AUSA Brown was proper and that discipline was not warranted. Id. at 1. Therefore, Gutierrez's Motion lacks merit and is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Gutierrez's Motion to Show Cause [Docket No. 123] is **DENIED**;

2. Defendant Gutierrez's Motion to Disqualify Judge [Docket No. 128] is **DENIED**; and

3. Defendant Gutierrez's Motion to Dismiss Based on Prosecutorial Misconduct [Docket No. 129] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 9, 2012.