# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

George Anthony Gutierrez,

        Petitioner,

v.

United States of America,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 01-331 ADM/AJB

---

George Anthony Gutierrez, pro se.

James E. Lackner, Esq., Assistant United States Attorney, St. Paul, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner George Anthony Gutierrez's ("Gutierrez") Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(d)(3) [Docket No. 149] ("Motion"). Gutierrez requests the Court set aside the Sentencing Judgment entered on November 27, 2002 [Docket No. 83], sentencing Gutierrez to 300 months' imprisonment. Mot. 2. For the reasons set forth herein, Gutierrez's Motion is denied.

## II. BACKGROUND

On March 21, 2002, a jury found Gutierrez guilty of possession with intent to distribute methamphetamine; possession with intent to distribute cocaine; and possession of a firearm in relation to a drug trafficking offense. Verdict, March 22, 2002 [Docket No. 53]. He was sentenced to 300 months' imprisonment. On direct appeal, the Eighth Circuit Court of Appeals affirmed Gutierrez's conviction, and the United States Supreme Court denied his petition for a

writ of certiorari on October 4, 2004.  United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003), cert denied, 543 U.S. 823 (2004).

Gutierrez then filed a motion under 28 U.S.C. § 2255 to vacate his sentence.  Mot. Under 28 U.S.C. § 2255, Apr. 29, 2005 [Docket No. 99] ("§ 2255 Motion").  Gutierrez's § 2255 Motion attacked his conviction on a number of grounds, but it was the first time he challenged the validity of the search warrant used to discover the drugs that led to his conviction.  § 2255 Mot. at 4-14.  Gutierrez contended that he was arrested on October 10, 2001, but that the search warrant was not signed until October 11, 2001.  Id.  This discrepancy, he argued, proved the Government's case against him was fraudulent and unethical, and that ultimately his 300-month sentence was unjust.  Id.  Gutierrez had not previously contested the validity and admissibility of the search warrant—or the drugs recovered as a result—at his suppression hearing, during trial, or on direct appeal.  Resp. to Mot. 4 [Docket No. 155].  As a result, the Court barred Gutierrez from raising this new issue on appeal, citing Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).  Order, June 23, 2005 [Docket No. 107].

With his current motion, Gutierrez argues that his conviction should be set aside under Rule 60(d)(3) because fraud has been perpetrated on the Court by "law enforcement with the acquiescence of government counsel."  Mot. 1.  In support of his Motion, Gutierrez submits several documents issued in connection with his arrest and conviction that further reflect the October 10/October 11 date discrepancy.  See List of Exs. [Docket No. 153].  In a subsequent filing, Gutierrez also requests an evidentiary hearing and the appointment of counsel.  Mot., June 13, 2013 [Docket No. 157].  Finally, Gutierrez filed a reply to the Government's response in

which he reasserts the merits of his claim but does not address the procedural shortcomings of his Rule 60 motion raised by the Government. Pet.'s Reply [Docket No. 156].

### III. DISCUSSION

**A. Successive § 2255 Motion**

Before a defendant may file a second or successive § 2255 motion, he must obtain leave to do so by the appropriate court of appeals. 28 U.S.C. § 2255(h). To circumvent this requirement, defendants sometimes file a successive motion under the guise of a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Consequently, when a defendant files a Rule 60 motion after the dismissal of his § 2255 motion, the court "conducts a brief initial inquiry to determine whether the allegations in the Rule 60 motion amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255." Id. If the court determines that the motion amounts to a successive § 2255 motion, it will either dismiss the motion for failure to obtain authorization from the court of appeals, or transfer the motion to the appellate court. Id.

Although the above principle has typically applied to Rule 60(b) motions for relief from judgment, courts may also dismiss Rule 60(d)(3) motions as successive § 2255 motions when appropriate. For example, in Bewig v. United States, No. 4:05 CV 635 CDP, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010), the defendant filed a Rule 60(d)(3) motion, arguing that his conviction was the result of fraud upon the court. The court rejected this motion as a successive § 2255 motion, holding the defendant was simply trying to re-litigate issues he raised or could have raised on direct appeal and in his initial § 2255 motion. Id.; see also Williams v. Dormire, No. 4:10-cv-1660, 2010 WL 3733862, at *3 (E.D. Mo. Sept. 20, 2010) (holding Rule 60(d)(3)

3

motion was successive habeas petition); Blackwell v. United States, No. 4:99-cv-1687, 2009 WL 3334895, at *7 (E.D. Mo. Oct. 14, 2009); United States v. Head, No. 02-75(1), 2010 WL 2545857 (D. Minn. June 21, 2010). Courts from other circuits have held in agreement. See, e.g., United States v. Cone, No. 12-5216, 2013 WL 2249435, at *2 (10th Cir. May 23, 2013) ("Although [defendant] captioned his motion as one for fraud on the court under Rule 60(d)(3), [it] is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion.") (quotation omitted); United States v. Franklin, No. 99-cr-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008).

Gutierrez's motion has the same flaws as the cases cited above. Setting aside its stated title, the Motion reiterates the same argument Gutierrez raised for the first time in his § 2255 proceedings. In his § 2255 Motion, Gutierrez argued that his search warrant was fraudulently obtained because there was a discrepancy between the date of his arrest and the date his search warrant was issued. The Court rejected this argument. In his present Motion, Gutierrez again argues his search warrant was fraudulently obtained, but this time couches the argument in the language of fraud upon the court. Neither the arguments Gutierrez raises nor the additional documents Gutierrez submits indicate that his "date discrepancy argument" has changed since it was previously rejected. As a result, the Motion is properly dismissed as a successive § 2255 motion filed without leave from the Eighth Circuit.

**B. The Gonzales Rule**

Gutierrez attempts to avoid the restriction against successive § 2255 motions by claiming an exception established in Gonzales v. Crosby, 545 U.S. 524 (2005). Gonzales held that a Rule 60(b) motion should not be treated as a successive habeas petition where it did not attack the

4

underlying conviction but instead challenged the integrity of the habeas proceedings themselves. Id. at 532. Although Gonzales' holding is narrow, some courts have extended its principles to Rule 60(d)(3) motions challenging the integrity of § 2255 proceedings. See, e.g., Bewig, 2010 WL 4177452, at *1-2.

As discussed, however, Gutierrez does not allege a defect in the integrity of his § 2255 proceedings. Instead, he returns to the facts underlying his conviction and attempts for the second time to persuade the Court that the search warrant leading to his arrest was fraudulently obtained. Disagreeing with a court's ruling on a § 2255 motion is not the same as raising a procedural irregularity in the hearing and resolution of the motion itself. Because Gutierrez's Motion presents a case of the former and not the latter, it does not qualify for the Gonzales exception.

**C. Rule 60(d)(3) Motion**

Even if Gutierrez's claim was not a successive § 2255 motion, it would still fail on its merits. Rule 60(d)(3) operates as a savings clause, allowing the court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). But relief under Rule 60(d)(3) is appropriate only in extraordinary circumstances involving egregious misconduct. See Lockwood v. Bowles, 46 F.R.D. 625, 633 (D.C. Cir. 1969); see also Matter of Wallace, 57 B.R. 364, 365 (W.D. Mo. 1985); Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978). Acts that subvert the court's integrity, or otherwise prevent impartial adjudication, rise to the high level of fraud on the court. See, e.g., Demjanjuk v. Petrovsky, 10 F.3d 338, 352 (6th Cir. 1993) (citation omitted).

Conclusory allegations "made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief" will not raise a

claim of fraud upon the court. Best v. United States, Nos. 2:00-CR-171, 2:08-CV-59, 2011 WL 321153, at *1 (N.D. Ind. Jan. 26, 2011) (citing Booker v. Dugger, 825 F.2d 281, 283-84 (11th Cir. 1987) (internal quotation omitted)). In addition, although claims under Rule 60(d)(3) are not subject to a statute of limitations, "a movant whose allegations properly fall under Rule 60(b)(3) but who inexcusably fails to file a timely claim for relief within Rule 60(b)(3)'s one year statute of limitations may not salvage the claim by filing under Rule 60(d)(3) instead." Rowe Entm't v. William Morris Agency Inc., No. 98 CV 8272(RPP), 2012 WL 5464611, at *15 (S.D.N.Y. Nov. 8, 2012).[1]

Gutierrez's claim does not reach the extraordinary level of fraud upon the court. Gutierrez makes only conclusory allegations of a Government plot, and nothing in this Motion or the record suggests or implies he was the victim of a conspiracy by law enforcement officials. Although various possible explanations for the date discrepancy exist, the evidence provided by Gutierrez is in no way clear and convincing evidence of a concerted effort to defraud the Court and affect the impartiality of Gutierrez's proceedings. Absent such a showing of egregious misconduct, relief under Rule 60(d)(3) cannot be granted.

The timing of Gutierrez's claim also bars relief under Rule 60(d)(3). Gutierrez did not raise the discrepancy at his suppression hearing, or at his trial, or on direct appeal, and instead waited to raise the issue in his § 2255 Motion. While the date on the search warrant was

---

[1] Rule 60(b) allows a party to seek relief from a final judgment, order, or proceeding for any of several reasons, including fraud, misrepresentation, or misconduct by an opposing party. Rule 60(c) states that a motion made under Rule 60(b) must be made within a reasonable time. If the basis for relief stated in the Rule 60(b) motion is mistake, newly discovered evidence that could not have been previously discovered, or fraud, the time limit is one year. See Fed. R. Civ. P. 60.

immediately identifiable in 2001, the issue was not raised until 2005. Consequently, Gutierrez's Rule 60(d)(3) claim fails because the alleged subversion of the legal process could have easily been addressed before his conviction or at least within the one year period of Rule 60(c). Gutierrez offers no explanation for his lengthy delay, and so his failure to adhere to the Rules further precludes his fraud on the court claim.

**D. Additional Requests**

As an alternative to vacating his sentence, Gutierrez requests an evidentiary hearing in the "interests of justice." Because Gutierrez's claim lacks merit and is also procedurally barred, his request will be denied.

Additionally, Gutierrez requests that the court appoint counsel for him. There is no right to counsel in federal post-conviction relief proceedings. See Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991) (no right to counsel in federal habeas corpus proceedings)). Because Gutierrez's Motion is denied, his request for the appointment of counsel is similarly denied.

**E. Certificate of Appealability**

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion

differently, or that any of the issues raised in Gutierrez's motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Gutierrez's Motion to vacate his sentence under Rule 60(d)(3) [Docket No. 149] is **DENIED**;

2. Gutierrez's motion for an evidentiary hearing and for the appointment of counsel [Docket No. 157] is **DENIED**; and

3. A certificate of appealability under 28 U.S.C. § 2253(c)(2) shall not issue.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 8, 2013.